# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

FIFTH THIRD BANK,       )
                )
    Plaintiff,       )
                )  CIVIL ACTION
v.               )
                )  No. 10-2226-KHV
DAVID R. MCFARLAND and     )
ELIZABETH MCFARLAND,     )
                )
    Defendants.      )
_____)

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiffs' Motion For Default Judgment (Doc. #7) filed July 9, 2010, which the Court construes as a motion for entry of default. For reasons set forth below, the Court finds that the motion should be sustained.

## Procedural History

On April 20, 2010 plaintiff Fifth Third Bank filed a complaint which alleges that defendants, David R. McFarland and Elizabeth Ann McFarland, breached the terms of a note, loan agreement and security agreement which plaintiff purchased and has the right to enforce. See Complaint (Doc. #1). The complaint also alleges that under Sections 8-601, 9-607 and Article 9 of the Uniform Commercial Code (U.C.C.), plaintiff is entitled to possession of all assets secured under the terms of the security agreement. The Loan Agreement states that the address for David R. McFarland and Elizabeth Ann McFarland is 618 Azalea Avenue, Redding, California, 96002. See Agreement For Advancement Of Loan attached as Ex. 1 to plaintiff's Complaint (Doc. #1).

Plaintiff seeks a Court order which gives it immediate and complete possession of all related collateral assets and which restrains and enjoins defendants from transferring, selling, assigning or

diluting any of the related collateral. Plaintiffs also seek a Court order which gives it a superior security interest in all related collateral as to any current assignees, transferees or holders of the collateral. Id. at 9.

On May 11, 2010 plaintiff filed two returns of service which indicate that on May 3, 2010 it served a copy of the summonses and complaints by United States Postal Service certified mail upon both David R. and Elizabeth Ann McFarland at 618 Azalea Avenue, Redding, CA 96002. See Docs. #4 and #5; Certified Mail Returns. Plaintiff addressed the summonses and complaints to both David R. and Elizabeth Ann McFarland at 618 Azalea Avenue, Redding, CA 96002. See id. David and Elizabeth McFarland personally signed for the certified mail, but neither filed a responsive pleading or otherwise appeared in the case.

**Analysis**

Plaintiff asks the Court to enter default judgment against defendants, citing Fed. R. Civ. P. 55(a).[1] See Motion For Default Judgment (Doc. #5) at 1. Specifically, plaintiff asks for $2,184,207.44

---

[1] Rule 55, Fed. R. Civ. P. provides in relevant part as follows:

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) Entering a Default Judgment.

    (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

    (2) By the Court. In all other cases, the party must apply to the court

(continued...)

due under the note and loan agreement and $679.12 per day of post-judgment interest. The procedural steps contemplated by the Federal Rules of Civil Procedure following defendants' failure to plead or defend begin with the entry of default by the clerk upon plaintiff's request. Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981); see Fed. R. Civ. P. 55(a). Pursuant to Rule 55(c), defendants can then seek to set aside the default. If defendants do not do so, or the court denies a motion to set aside the default, and if no hearing is needed to ascertain damages, the court may enter judgment by default, or, if defendants have not appeared, the clerk may enter default judgment. Fed . R. Civ. P. 55(b); Sheldon v. Khanal, No. 07-2112-KHV, 2007 WL 2213540, at *2 (D. Kan. Aug. 1, 2007) (citing Williams v. Smithson, 57 F.3d 1081 (Table), 1995 WL 365988, at *1 (10th Cir. June 20, 1995)) (Rule 55 mandates that party first receive entry of default under Rule 55(a) and then apply for default judgment under Rule 55(b)). Finally, Rule 55(c) authorizes a motion to set aside a default judgment pursuant to Rule 60(b).

Because plaintiff may not proceed directly to default judgment before receiving an entry of default, Dewey v. City of Topeka, No. 97-4037-SAC, 1997 WL 833300, at *3 (D. Kan. Dec. 18, 1997), the Court construes its motion as one for entry of default rather than default judgment. The party seeking entry of default must show that the parties against whom default is sought have been properly served. Peterson v. Carbon County, 156 F.3d 1244 (Table), 1998 WL 458555, at *4 (10th Cir. Aug. 6, 1998) (because party has no duty to plead until properly served, sufficient service of process is prerequisite to entry of default); Everetson v. Topeka Ass'n. For Retarded Citizens, No. 05-4046-SAC, 2005 WL 2988716, at *1 (D. Kan. Oct. 11, 2005) (questions whether service was proper preclude entry of default). Rule 4(e) governs service of process on individuals, and it provides in relevant part as

---

[1](...continued)
  for a default judgment.

follows:

> Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . .

Plaintiffs filed this suit in the United States District Court for the District of Kansas. Kansas law permits service on an individual by return receipt delivery, which includes "certified mail, priority mail, commercial courier service, overnight delivery service, or other reliable personal delivery service to the party addressed, in each instance evidenced by a written or electronic receipt showing to whom delivered, the date of delivery, the address where delivered, and the person or entity effecting delivery." K.S.A. § 60-303(c)(1). Such service must be addressed to the individual at his or her dwelling or usual place of abode, or to his or her authorized agent. See K.S.A. § 60-308(d)(2) (referencing K.S.A. § 60-304).

Here, the certified mail return reflects delivery to David and Elizabeth McFarland personally at 618 Azalea Avenue, Redding, California on May 3, 2010. See Doc. #4; Certified Mail Return. In these circumstances, the Court finds that service on defendants was sufficient to permit entry of default. Because defendants failed to appear in this action, and have not contested service or opposed plaintiff's motion for entry of default, the Court finds that entry of default against them is appropriate.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Default Judgment (Doc. #7) filed July 9, 2010, which the Court construes as a motion for entry of default, be and hereby is **SUSTAINED**. The Clerk is directed to enter default against David R. McFarland and Elizabeth Ann McFarland on plaintiffs' claim.

Dated this 22nd day of July, 2010 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> Kathryn H. Vratil
> United States District Judge